IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01040-SKC-NRN

SEAN GLENN, as Trustee of Sean F. Glenn Living Trust,

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, a Texas corporation,

Defendant.

**ORDER ON PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND COMPEL APPRAISAL (ECF No. 28) AND SUPPLEMENTAL MOTION TO STAY PROCEEDINGS AND COMPEL APPRAISAL (ECF No. 39)**

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter came before the Court on Plaintiff Sean Glenn's Motion to Stay Proceedings and Compel Appraisal ("Motion to Compel"), ECF No. 28. The Motion to Compel was referred to me by Judge Crews on February 20, 2025. ECF No. 29. Defendant USAA Casualty Insurance Company ("USAA") filed an opposition, ECF No. 33, and a supplemental response, ECF No. 36. The Court heard argument on March 26, 2025. ECF No. 38. Subsequent to that argument, Plaintiff filed a Supplemental Motion to Stay Proceedings and Compel Appraisal ("Supplemental Motion"), ECF No. 39, which was also referred to me by Judge Crews, ECF No. 40. Defendant filed a response to the Supplemental Motion. ECF No. 41. The Court heard argument on the Supplemental Motion on April 23, 2025.

Having considered the various filings and heard the arguments of the parties, the Court will grant Plaintiff's request to compel appraisal and stay the proceedings pending the appraisal process.

**I.   Background**

This case involves a claim by an insured, Plaintiff, for damage to a residential home after an August 20, 2021 hailstorm loss. There are disputes as to USAA's estimate for the roof replacement. There is also a dispute as to whether Plaintiff's replacement of the damaged Masonite wood shingled roof with a different and more expensive concrete tile roofing system should be covered under the policy. So there are really two disputes. First is whether USAA's estimate to replace the damaged roof with a roof of like kind and quality was a fair estimate. For example, whether USAA should have included the cost of a supervising general contractor, whether USAA's Xactimate price list reflected current pricing levels for the appropriate geographic area, and whether USAA should have adjusted the claim to accurately reflect the current cost of repairs. The second issue, which USAA insists is a coverage question, is whether USAA should have to pay for a much improved, and more expensive replacement roofing system that originally existed on the house. Plaintiff has replaced the roof with a new system—a concrete tile roof—which required additional materials such as sheathing to be added to support the weight of the heavier concrete tiles. USAA says that the issue of whether a concrete tile replacement roof was appropriate and must be paid for by USAA is a coverage question, not susceptible to the appraisal process.

USAA valued the replacement cost value of the roof at $85,192.83. *See* ECF No. 28-1. (USAA estimate completed February 16, 2023). This estimate was based on wood

2

shake shingles—comparable to the discontinued Masonite Woodruff shingles previously on the roof. ECF No. 28-1 at 8. Plaintiff's contractor's estimate was $156,642.26. ECF No. 28-2. This estimate was also based on using wood shake replacement shingles. *See id*. at 1 ("Wood shake is chosen as the replacement material as Wood shake was comparable in cost to wood fiber at the time this policy went through underwriting. Wood Shake was used for the current value as it is currently still available and reflects the full cost of the premium still paid based on underwriting.").

Given the dramatic discrepancy between the insured's contractor's estimate and USAA's estimate, Plaintiff requested appraisal of the loss under the policy's appraisal provision. ECF No. 28-4 (appraisal demand letter of February 2, 2024). USAA rejected the request for appraisal. ECF No. 28-5 (USAA letter of February 19, 2024, denying insured's appraisal request because it is based on a "disagreement with our coverage decision not cost of claim").

The subject policy contains an appraisal clause which states, in part,

> 6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss. . . . .
>
> This is not a provision providing for or requiring arbitration. The appraisers and umpire are only authorized to determine the "actual cash value", replacement cost, or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between you and us. The appraisal award

3

>cannot be used by either you or us in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon you and us. This appraisal process and authority granted to the appraisers can only be expanded or modified by written mutual consent signed by you and us.

ECF No. 28-6 (terms of insurance policy).

In the Motion to Compel, Plaintiff seeks to enforce the contractual appraisal provision and stay the proceedings in this case pending the appraisal. In opposing the appraisal request, USAA claims that the matter is not subject to appraisal because the dispute here centers on a coverage issue: "whether the new [concrete tile] material Plaintiff chose to utilize on the roof of the premises, requiring significantly greater structural support than the former material, constitutes 'like kind and quality' under the USAA CIC policy language." ECF No. 33 at 1.

## II.   Analysis

Appraisal, like other forms of alternative dispute resolution, is favored in Colorado "as a convenient, efficient alternative to litigation." *City & Cnty. of Denver v. Dist. Ct.*, 939 P.2d 1353, 1357 (Colo. 1997). As a result, Colorado courts have routinely compelled the insurer to participate where the insured validly invoked the right to appraisal under the policy. *See generally Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-CV-02480-PAB-MEH, 2021 WL 4439792 (D. Colo. Sept. 27, 2021); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F.Supp.3d 1099, 1100 (D. Colo. 2015) (granting motion to compel appraisal "because the policy unambiguously commits the parties' dispute regarding the amount of loss from the storm, if any, to the appraisal process"). "[S]imilar to an arbitration agreement, the court 'must accord the parties a presumption in favor of appraisal and must resolve all doubts about the scope

of the appraisal clause in favor of the appraisal mechanism.'" *Church Mut. Ins. Co. v. Rocky Mountain Christian Church*, No. 20-cv-01769-WJM-KLM, 2021 WL 1056515, at *2 (D. Colo. Mar. 19, 2021) (quoting *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015)).

Here, there is an apparent dispute as to the amount of the loss from the hailstorm. Plaintiff has requested appraisal consistent with the terms of the policy. Plaintiff is entitled to appraisal. The fact that there may be other questions (such as coverage questions) that are left to be resolved after the conclusion of the appraisal process is irrelevant to Plaintiff's entitlement to appraisal of the amount of the loss. For example, in *Summit Park*, there was a dispute about the amount of the loss and also other disputes about coverage, such as whether the policy should pay for undamaged property, so as to achieve "matching" or "visual consistency" with damaged property that required replacement. 100 F.Supp.3d at 1101. The insurer there contended that the appraisal process was inappropriate, or premature, given the outstanding coverage questions that only the Court could resolve. Judge Babcock there ordered an appraisal to address the issues that appraisal should properly address, while noting that the "parties may still dispute coverage issues after the appraisal process has been completed." *Id.* at 1103. Judge Babcock instructed the appraisers to not decide the parties' legal issues, but to make appropriate factual conclusions to enable the court to do so. *Id.* at 1104. In that case, the appraisers were directed to address the cost of replacing the undamaged property to achieve matching, and "separately calculate and identify disputed costs so that the Court can either include or exclude them once it has determined whether the policy provides coverage for them." *Id*.

5

The same logic applies here. The appraisers will not be deciding whether the policy covers the cost of replacing the original roof with a more robust and expensive version. But the appraisers should certainly determine the fair cost of replacing the damaged roof with a roof of like kind and material, and leave it for the Court to determine whether the roof that was actually put on the home fit that description or whether, instead, the insured replaced the Chevy-quality roof with a new Mercedes.

### III.  Conclusion

It is hereby **ORDERED** that Plaintiff's Motion to Compel (ECF No. 28) and Supplemental Motion (ECF No. 39) are **GRANTED**. The parties are to expeditiously engage in the appraisal process. This action is stayed pending resolution of the appraisal process. Within five days of the appraisal award, the parties should contact the Court to set a status conference to re-start the litigation calendar.

Dated at Denver, Colorado this 24th day of April, 2025

*/s/ N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge